UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRELL BROWN,<br>*Plaintiff*, | ) CASE NO. 3:23-cv-813 (KAD)<br>)<br>) |
| v. | )<br>) |
| JENNIFER REIS,<br>*Defendant*. | ) July 27, 2023<br>) |

## ORDER OF DISMISSAL

Kari A. Dooley, United States District Judge:

Petitioner Tyrell A. Brown, a state pretrial detainee currently held at Cheshire Correctional Institution, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Brown argues that he should be immediately released because the state trial court denied his motion for a *Franks* hearing, permitted a legal intern to assist in his defense, and failed to reduce his bond. Brown concedes that he has not raised any of these issues in the Connecticut appellate courts.[1] For the following reasons, the Court *sua sponte* dismisses the petition.

Generally, federal courts have a "virtually unflagging" duty to "adjudicate claims within their jurisdiction." *Cook v. Martin*, No. 3:21-cv-1465 (SRU), 2022 WL 2817452, at *2 (D. Conn. July 19, 2022) (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989)). However, in *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court recognized "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger* precludes "federal intrusion" into (1)

---

[1] Before filing a habeas petition pursuant to § 2241, prisoners are required to exhaust internal grievance procedures. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). "Although § 2241 does not explicitly require exhaustion of administrative remedies, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241." *Tashbook v. Petrucci*, No. 20-cv-5318 (KMK) (PED), 2022 WL 884974, at *5 (S.D.N.Y. Mar. 25, 2022) (citation and internal quotation marks omitted). Absent special circumstances, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "will be *sua sponte* dismissed where the petitioner fails to demonstrate his exhaustion or the absence of available state remedies." *King v. Demarco*, No. 11-cv-2000 (JS), 2011 WL 3471548, at *1 (E.D.N.Y. Aug. 3, 2011).

state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions, *see Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69, 78 (2013), and abstention is mandatory in cases where *Younger* applies. *Diamond "D" Const. Corp., McGowan*, 282 F.3d 191, 197 (2d Cir. 2002).

*Younger* involved a federal injunction of a pending state criminal prosecution and the decision relied on principles of comity. Courts, however, have applied the same considerations to federal habeas petitions seeking relief from a state criminal prosecution. *See Jones v. Walker*, No. 22-cv-0993 (LTS), 2022 WL 623584, at *2 n.2 (S.D.N.Y. Mar. 3, 2022) (citing *Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) (applying *Younger* in a habeas action)); *Robinson v. Sposato*, No. 11-cv-0191 (SJF), 2012 WL 1965631, at *3 (E.D.N.Y. May 29, 2012); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494 (1973) (noting that no holding of the Supreme Court would "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"). Because Brown seeks to terminate his pending state criminal prosecution, this petition falls within the first category of cases to which *Younger* applies.

The Court next considers three factors to determine if *Younger* abstention is warranted: whether "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) [whether] the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Diamond "D" Const. Corp.*, 282 F.3d at 198.

Brown concedes that the state criminal prosecution is ongoing. As to the second condition, "[t]here is no question that [an] ongoing prosecution implicates important state

interests." *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988). Finally, should Brown be convicted, he may raise his constitutional claims on direct appeal or through collateral review of his conviction in state court. *See Tyson v. Clifford*, No. 3:18-cv-1600 (JCH), 2018 WL 6727538, at *4 (D. Conn. Dec. 21, 2018) (plaintiff "not precluded from challenging any subsequent conviction or sentence on appeal to the Connecticut Appellate and Supreme Courts, filing a habeas petition in the Connecticut Superior Court, and following that, a habeas petition in federal court); *Robinson*, 2012 WL 1965631, at *3 (direct appeal or collateral review provide "ample opportunity for review of petitioner's constitutional claim in state court"); *Miller v. County of Nassau*, 467 F. Supp. 2d 308, 317 (E.D.N.Y. 2006) (plaintiff can raise arguments on appeal once state court judgment enters). Thus, *Younger* abstention is warranted.

Despite the mandatory nature of *Younger* abstention, federal courts may intervene in a state proceeding upon a showing of "bad faith, harassment or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 54. The exceptions are construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.* at 53. In all cases, the petitioner bears the burden of showing that one of these exceptions applies. *See Kirschner v. Klemons*, 225 F.3d 227, 235–36 (2d Cir. 2000).

Brown alleges no facts suggesting that any extraordinary circumstance is present. The only possible burden to Brown would be the requirement of defending against a criminal prosecution. However, courts consistently hold that this burden does not establish irreparable harm warranting equitable relief. *See Davis*, 851 F.2d at 77 (burden of defending criminal prosecution is insufficient without more to constitute irreparable harm); *Saunders v. Flanagan*, 62 F. Supp. 2d 629, 635 (D. Conn. 1999) ("That the plaintiff will be forced to defend against a charge of murder in state court does not constitute the extraordinary circumstances resulting in

irreparable harm warranting this court to refuse to apply the doctrine of *Younger* abstention. . . ."). Nor do the facts alleged constitute a showing of bad faith or harassment. Bad faith requires that the prosecution be undertaken by state officials without hope of obtaining a valid conviction. *See Diamond "D" Constr. Co.*, 282 F.3d at 198 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). Brown alleges no facts suggesting that the state does not anticipate a conviction. Nor does he allege that the prosecution was commenced only to harass him. Accordingly, there is no basis on which to conclude that the bad faith exception to abstention should apply.

**Conclusion**

For the foregoing reasons, the petition is DISMISSED in its entirety without prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 27th day of July 2023.

   */s/ Kari A. Dooley*
   KARI A. DOOLEY
   UNITED STATES DISTRICT JUDGE